THE ELIAS & LOWENSTEIN CO. *v.* COMMON SENSE NOVELTY CO.

*Contracts—Sale on contract and not by sample, when.*

An agreement was entered into to furnish a certain number of signs at a specified price per sign, and provided that the signs be varnished. The contractor submitted an unvarnished sample of the work to be performed. The varnished product was slightly darker than the unvarnished sample. *Held:* The agreement constituted a sale on a contract and not a sale by sample.

(Decided May 14, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Eli G. Frankenstein*, for plaintiff in error.
*Messrs. Dorger & Dorger*, for defendant in error.

BY THE COURT. The Common Sense Novelty

Company brought an action against The Elias & Lowenstein Company on a contract, to recover for about 2,500 signs, delivered to the defendant at an agreed price. The petition was on a contract, and the answer admitted the contract.

The defendant tried the case on the theory that it was a sale by sample, and that, under the statute, the product furnished was not according to sample.

The fact that there was a contract was undisputed. A sample of the work to be performed by the plaintiff was submitted. It was not varnished. The contract provided for and the defendant ordered signs varnished. The varnish produced a slightly darker colored sign than the unvarnished sample.

The case was submitted to a jury, which returned a verdict for plaintiff. The court entered judgment on the verdict for $1,135 and costs. This action is prosecuted to reverse that judgment.

The plaintiff in error claims that this was a sale by sample, and that under Section 8396, General Code, there is a warranty that the bulk shall correspond with the sample in quality.

This was not a sale by sample. It was a sale on a contract.

Upon service upon Mr. Roudebush of written notice to produce certain documents the following transpired:

MR. ROUDEBUSH: "I haven't a written contract, but I have a letter. What was the date of that letter; August 26."

MR. FRANKENSTEIN: "Of course the answer of the defendant admits that there was a contract for twenty-five hundred signs, but it does not state as

to the price, unless Mr. Roudebush is willing to admit that to save time."

MR. ROUDEBUSH: "Thirty-eight cents."

MR. FRANKENSTEIN: "That is admitted for the record?"

MR. ROUDEBUSH: "Yes, or you can prove it."

So it is clear that the action was on contract.

Counsel complains of the court's charge in this:

"There is an implied warranty, that is, the law places an obligation upon the seller of an article, that is, where the purpose for which it is to be used is known at the time of the sale, or of contract for sale, that that article is reasonably fit for the purpose for which it was intended; so that the real issue in this case is whether or not the hangers that were manufactured and delivered were in accordance with the terms of the contract, and with the design that was submitted to and approved by the defendant, and that they were substantially and reasonably fit for that purpose, or the use, to which defendant intended to make of them."

Under the issues made by the pleadings, this charge was not erroneous.

We do not find any error prejudicial to the plaintiff in error.

*Judgment affirmed.*

CUSHING, BUCHWALTER and HAMILTON, JJ., concur.